UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ALEXIS ALEXANDER**                                **CIVIL ACTION**

**VERSUS**                                          **NO. 15-2323**

**GLAXOSMITHKLINE, LLC**                            **SECTION "B"(5)**

ORDER AND REASONS

Before the Court is Defendant's, GlaxoSmithKline LLC ("GSK"), Motion to Stay (Rec. Doc. 8), as well as the Opposition to Defendant's Motion to Stay filed by Plaintiff, Alexis Alexander, individually and as parent and natural guardian of N.A., a minor (Rec. Doc. 11). Additionally, Defendant has filed its Reply in Support of the Motion to Stay (Rec. Doc. 14). For the reasons that follow, it is **ORDERED** that Defendant's Motion is **GRANTED**.

LAW AND ANALYSIS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one [sic] else." *Id.* at 255.

1

Nonetheless, these considerations "are counsels of moderation rather than limitations upon power." *Id.*

When there is a pendency of a motion to transfer before the Judicial Panel on Multidistrict Litigation (JPML), the district court is not divested of jurisdiction over the case. J.P.M.L. R. Proc. 1.5.; *Cajun Offshore Charters, LLC v. BP Products N. Am., Inc.*, No. CV-10-1341, 2010 WL 2160292, at *1 (E.D. La. May 25, 2010).[1] However, "[c]ourts frequently grant stays in cases when an MDL decision is pending." *Cajun Offshore Charters*, 2010 WL 2160292, at *2. When determining whether to grant a motion to stay pending assessment by the JPML, "[t]he district court should consider three factors: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Id.* at *1 (citing *La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, No. CV-09-235, 2009 WL 926982, at * 1 (E.D. La. Apr. 2, 2009)).

Here, this Court finds that the hardship and inequity to the non-moving party is minimal. "District courts have granted

---

[1] As such, this Court had the inherent authority to resolve prior pending motions, including Defendant's Motion to Dismiss (Rec. Doc. 9). *See In re Air Crash Disaster at Paris, France, on Mar. 3, 1974*, 376 F. Supp. 887, 888 (J.P.M.L. 1974) ("[T]he mere pendency of a motion before the Panel does not affect or suspend orders and discovery proceedings in the transferor district court and does not in any way limit the jurisdiction of the transferor court to rule upon matters properly presented to it for decision.").

motions to stay after finding that the plaintiff would not be prejudiced by a slight delay." *Cajun Offshore Charters*, 2010 WL 2160292, at *2 (citing *Falgoust v. Microsoft Corp.*, No. CV-00-779, 2000 WL 462919, at *2 (E.D. La. Apr. 19, 2000)).[2] As the JPML is anticipated to consider the motion to transfer on October 1, 2015,[3] a time period of just sixteen days, this Court finds that there is no prejudice to the Plaintiff in granting the Motion to Stay.

This Court furthermore finds that the hardship and inequity to the Defendant, as well as the potential for judicial inefficiency, far outweigh the burdens that a slight delay presents to the Plaintiff. With at least thirty-three lawsuits in different federal courts across the country,[4] "the defendants face the burden of litigating in multiple jurisdictions." *Cajun Offshore Charters*, 2010 WL 2160292, at *2. "More importantly, between the various lawyers and judges on the cases, there is a grave potential for conflicting discovery orders. This poses not only a hardship for the defendants, but mocks an efficient and orderly judicial system." *Id*. As such, a stay is the appropriate action for this Court to take. Accordingly,

---

[2] *See id.* (holding that "[a] delay of a few months, while longer than some of the cases cited by the parties, is, nonetheless, slight when compared to the hardship to the defendants and the interests of judicial economy"); *see also La. Stadium & Exposition Dist.*, 2009 WL 926982, at *1 (holding that delay was not excessive when responsive pleadings were due to MDL panel eighteen days after district court decision).
[3] Rec. Doc. 8-1 at 2.
[4] Rec. Doc. 8-1 at 2.

**IT IS ORDERED** that Defendant's Motion to Stay is hereby **GRANTED**, for the reasons set forth above.

New Orleans, Louisiana, this 15th day of September, 2015.

_____
UNITED STATES DISTRICT JUDGE

4